UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRYON K. W.[1], <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI[2], Acting Commissioner of the Social Security Administration, <br><br> Defendant. | CASE NO. 3: 21-CV-11-MGG |

**OPINION AND ORDER**

Before the Court is a Motion for Reversal with Remand for Further Administrative Proceedings filed by the Commissioner of the Social Security Administration ("Commissioner"), to which Plaintiff, Bryon K. W. ("Mr. W") objects in part. [DE 22]. While Mr. W agrees with remand, Mr. W contends that this action should instead be remanded for an immediate award of disability benefits rather than for further administrative proceedings.

The undersigned may enter a ruling in this matter based on the parties' consent pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g). [*See* DE 9]. For the reasons discussed below, the Commissioner's motion is **GRANTED** over Mr. W's objection, and

---

[1] To protect privacy interests, and consistent with the recommendation of the Judicial Conference, the Court refers to the plaintiff by first name, middle initial, and last initial only.
[2] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

the Court **REMANDS** this matter for further administrative proceedings consistent with this opinion. [DE 22].

**I.    OVERVIEW OF THE CASE**

Mr. W filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act") and an application for Supplemental Security Income ("SSI") under Title XVI of the Act on December 4, 2018, and February 26, 2019, respectively. After denials at the initial and reconsideration levels of review, Mr. W appeared at a hearing before an administrative law judge ("ALJ") on February 26, 2020. On April 17, 2020, the ALJ issued his written decision finding that Mr. W was not disabled, conducting the requisite five-step sequential analysis for evaluating claims for disability benefits. 20 C.F.R. § 416.920(a)(4).

At Step One, the ALJ determined that Mr. W had not engaged in substantial gainful activity from his alleged onset date of November 28, 2017, through his date last insured of December 31, 2019. [3] At Step Two, the ALJ found that Mr. W had the following medically determinable impairments that were severe as defined by the Act:

---

[3] The instant action concerns the second set of disability applications filed by Mr. W, as Mr. W previously filed a DIB application on May 9, 2014. After his 2014 application was denied initially and upon reconsideration, Mr. W appeared before an ALJ, who issued a decision denying his application on November 27, 2017. Moreover, the Appeals Council declined to review the ALJ's decision, so Mr. W sought judicial review. The denial of Mr. W's 2014 application was then affirmed on judicial review by the district court and on appeal to the Seventh Circuit. *See Winkelman v. Berryhill*, No. 3:18-CV-933 DRL, 2020 WL 881555 (N.D. Ind. Feb. 21, 2020), aff'd sub nom. *Winkelman v. Saul*, 835 F. App'x 889 (7th Cir. 2021). Mr. W's 2014 application was still pending before the Seventh Circuit when he appeared before an ALJ for a hearing on the instant 2018 and 2019 applications; accordingly, the ALJ in this matter addresses a subsequent period of disability beginning November 28, 2017, which is the date after Mr. W's hearing on his 2014 application.

degenerative disc disease of the cervical and lumbar spine, residuals from spinal surgeries, osteoarthritis of the left shoulder, bilateral carpal tunnel syndrome, headaches, vestibular dysfunction, depression and anxiety (20 CFR 404.1520(c) and 416.920(c)). At Step Three, the ALJ found that none of Mr. W's impairments, nor any combination of his impairments, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Accordingly, before moving on to Step Four, the ALJ proceeded to determine whether Mr. W could perform his past relevant work based upon his residual functional capacity ("RFC"). The ALJ found that Mr. W had the RFC to:

> lift, carry, push and/or pull up to 20 pounds occasionally and up to 10 pounds frequently. He could stand and/or walk up to 2 hours in a 8-hour work day and sit up to 6 hours in a 8-hour work day, with normal breaks. He could never climb ladders, ropes or scaffolds. He could occasionally climb ramps and stairs. He could occasionally balance, stoop, kneel, crouch, and crawl. He could occasionally reach overhead with the left upper extremity. He could occasionally push and pull with the left upper extremity. No limitations on the right upper extremity. Occasional use of foot controls bilaterally. No exposure to extreme cold or extreme heat as part of the job duties. No exposure to vibration, unprotected heights, or moving mechanical parts. He must work in a moderate noise environment, as defined in the Selected Characteristic of Occupations. He could frequently handle, finger and feel with bilateral upper extremities. He could an understand and remember simple instructions and carry out simple tasks with simple work-related decisions and judgments performing these tasks with adequate pace, persistence and concentration in two-hour segments, allowing for normal breaks. He must work in a low stress environment, which I define as no assembly lines and no hourly quotas, but he can meet end of day expectations. He could tolerate occasional interaction with supervisors and coworkers, and no interaction with the general public as part of the job duties. He could tolerate changes in a routine work setting consistent with simple work. He must be permitted to turn at the hips to view from side to side, rather than at the head and neck, and would work best where work is in front of the person such as at a desk, table or bench.

[DE 15 at 35-36, ¶5]. After determining this RFC, the ALJ found that Mr. W could not perform any of his past relevant work as an electrician, which is a skilled job at the medium exertional level according to the Dictionary of Occupational Titles ("DOT"). Accordingly, the ALJ moved on to last step in the five-step sequential analysis.

At Step Five, the burden of proof shifts to the Commissioner, requiring the Commissioner to show that the claimant can perform some type of substantial gainful work existing in the national economy—meaning "work which exists in significant numbers either in the region where the individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A). ALJs typically enlist a vocational expert ("VE") to testify regarding which occupations, if any, a claimant can perform based upon their RFC. *See* S.S.R. 83-12. Here, the VE, using the DOT, identified three separate jobs that Mr. W could still perform based on his RFC—tube operator, document preparer, and addresser—which have 8,200 jobs nationally, 29,000 jobs nationally, and 14,000 jobs nationally, respectively. After the hearing, the ALJ issued a decision finding that Mr. W was not disabled. The Appeals Council then denied Mr. W's request for review of the ALJ's decision on November 6, 2020, thereby rendering it the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981; 416.1481[4].

Mr. W timely sought judicial review on January 7, 2021, and he filed his opening brief on September 20, 2021. In his opening brief, Mr. W argued that remand is required because (1) the vocational evidence does not meet the Commissioner's burden at Step

---

[4] DIB requirements are found at 20 C.F.R. § 404, while SSI requirements are found at 20 C.F.R. § 416. They are essentially identical. For efficiency's sake, the undersigned will only reference the DIB requirements in this Opinion and Order.

Five—and even if the identified jobs existed as the VE testified, the numbers are too small to be significant; (2) the ALJ failed to properly consider and explain certain medical opinion evidence; (3) the ALJ failed to incorporate all of Mr. W's limitations in the RFC; (4) the ALJ erred in evaluating impairment listings; and (5) the ALJ erred in evaluating Mr. W's subjective symptoms.

In lieu of a response, the Commissioner filed the instant Motion for Reversal with Remand for Further Administrative Proceedings on December 1, 2021. The Commissioner reported that remand for further administrative proceedings is warranted because the ALJ failed to adequately evaluate certain medical opinion evidence and its impact on Mr. W's RFC. The Commissioner contends that further administrative proceedings are necessary so that an ALJ can re-evaluate Mr. W's RFC finding in accordance with 20 C.F.R. §§ 404.1545, 416.945 and Social Security Ruling 96-8p; offer Mr. W the opportunity to submit additional evidence, make arguments, and attend a new hearing; and issue a new decision.  Mr. W, however, contends that an immediate award of benefits is warranted rather than a new hearing, contending that the three occupations identified based on the ALJ's hypothetical from Mr. W's prior RFC does not yield a significant number of jobs as a matter of law. Accordingly, Mr. W contends that the record supports a finding of disability and an immediate award of benefits.

With the parties' agreement that this action requires remand based on the ALJ's failure to adequately evaluate certain medical opinion evidence, the Court only

considers whether the record compels a finding of disability such that an immediate award of benefits is the appropriate remedy.

## II. LEGAL STANDARD

This Court has authority to review a disability decision by the Commissioner pursuant to 42 U.S.C. § 405(g). However, this Court's role in reviewing Social Security cases is limited. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). The question on judicial review is not whether the claimant is disabled; rather, the Court considers whether the ALJ used "the correct legal standards and [whether] the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2007). The Court reviews the entire administrative record to determine whether substantial evidence exists, but it may not reconsider facts, reweigh the evidence, resolve conflicts of evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004).

As part of this review, the Court may affirm, reverse, or modify the ALJ's decision, with or without remanding the case for further proceedings. 42 U.S.C. § 405(g). This includes the ability to remand with instructions for the Commissioner to calculate and award benefits to the applicant. *See Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993). Remand for an immediate award of benefits is appropriate only if all factual issues involved in the disability determination have been resolved and the resulting record supports only one conclusion—that the applicant is disabled under the Act and thereby qualifies for disability benefits. *Briscoe v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). Moreover, while courts consider obduracy in determining whether an

immediate award of benefits is warranted, obduracy cannot—on its own—justify an award of benefits. The evidence in the record must still properly demonstrate disability. *Briscoe*, 425 F.3d at 356 (distinguishing *Wilder v. Apfel*, 153 F.3d 799, 804 (7th Cir. 1998)).[5]

### III.   ANALYSIS

Mr. W contends that the record shows disability and therefore warrants remand for an immediate award of benefits because (1) neither party has disputed that Mr. W's RFC will be at least as restrictive as what the ALJ previously determined; (2) the VE could not substantiate how many of the three identified occupations could be performed by an individual with Mr. W's limitations or how many of the identified jobs still exist due to changes in technology; and (3) ultimately, the total number of jobs available to Mr. W based upon his RFC—51,200 nationally and 637 in the state of Indiana—does not constitute a significant number of jobs to satisfy the Commissioner's burden at Step Five.

Mr. W first contends that the record shows that Mr. W's RFC will be at least as restrictive, if not more restrictive, upon adequate evaluation and explanation of a

---

[5] In *Wilder v. Apfel*, 153 F.3d 799, 801 (7th Cir. 1998) *(Wilder II)*, the Seventh Circuit remanded for an immediate award of benefits after review of the claimant's application underwent multiple trips of administrative, judicial, and appellate review. The Seventh Circuit also awarded benefits in part based upon the repeated disregard of expert testimony by both ALJs, which was contrary to the court's instruction on remand. *See id*. at 801-04. However, the Seventh Circuit in *Briscoe* reversed a district court's decision to remand for an immediate award of benefits, instead ordering a remand for further administrative proceedings because there were still unresolved disputes of fact. 425 F.3dat 348. The court in *Briscoe* confirmed that obduracy alone cannot be a basis to warrant benefits. *Id*. at 356. Here, Mr. W has not argued any such obduracy in his request for an immediate award of benefits. Moreover, although Mr. W has adjudicated a disability application from 2014 at the district and appellate levels, the instant action is based upon the denial of his DIB and SSI applications filed in 2018 and 20199, which allege a period of disability after the timeframe alleged in his 2014 disability claim.

medical opinion that supports greater limitations.  In making this assertion, however, Mr. W does not explain which facts in the medical record support that this is the only conclusion. Conclusory arguments are considered waived. *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1992); *Handford ex rel. I. H. v. Colvin*, No. 12 C 9173, 2014 WL 114173, at *11 (N.D. Ill. 2014) (applying *Berkowitz* to undeveloped arguments in a social security appeal).  While an ALJ's failure to properly consider and explain his or her consideration of an opinion warrants remand, the Court may only remand for an immediate award of benefits when all factual disputes have been resolved and the record only supports one conclusion—that the claimant is disabled. *Clark v. Saul*, No. 1:20-cv-15-HAB, 2021 WL 164794, at *3 (N.D. Ind. Jan. 19, 2021) (internal citations omitted). Without more, the Court cannot find that proper consideration and explanation of this medical opinion evidence will result in the same or more restrictive RFC unless the Court reconsiders and reweighs this medical opinion evidence on its own, which the Court cannot do. *See Powers v. Apfel*, 207 F. 3d 431, 434 (7th Cir. 2000).

Moreover, even considering Mr. W's two arguments at Step Five based upon his current RFC, the Court still cannot find that record supports remand for an immediate award of benefits. Mr. W's next two arguments contend that the vocational evidence relied upon by the ALJ fails to show that Mr. W can perform a significant number of jobs as a matter of law. Here, the VE identified three occupations that Mr. W could still perform based upon his RFC—document preparer, addresser, and tube operator—which collectively have 51,200 jobs in the nation and 637 in the state of Indiana.  Mr. W first contends that all three jobs are mostly obsolete and that the VE could not

substantiate how many document preparer jobs still existed due to updates in technology. Nevertheless, Mr. W contends that even if Mr. W's previously determined RFC incorporated all his limitations, that Mr. W could perform these identified jobs with his limitations, and that these jobs still exist in the numbers identified (collectively 51,200 in the national economy)—the Commissioner still has not met her burden to show a significant number of jobs as a matter of law.

The Commissioner, however, contends that the Seventh Circuit has found that the Commissioner met her burden at Step Five when an ALJ identified 30,000 jobs that a claimant could perform. *See Mitchell v. Kijazkazi,* No. 20-2897, 2021 WL 3086194, at *3 (7th Cir. July 22, 2021) (stating that "the ALJ still found that enough jobs—30,000—are available to [the claimant] to allow her to work"). The Commissioner further supports her position by citing to *Liskowitz v. Astrue*, 559 F.3d 736, 743 (7th Cir. 2009), which found that 4,000 jobs in the Milwaukee area was significant, as well as to *Lawrence v. Astrue*, 337 F. App'x 579, 583 (7th Cir. 2009) (finding that 15,000 jobs was significant and referencing precedent finding that even 1,400 jobs can qualify as significant). Although Mr. W distinguishes the Commissioner's precedent indicating that the history of these cases suggests that the court meant regional, rather national, numbers, Mr. W also concedes that courts in the Seventh Circuit have reached differing conclusions as to how many jobs in the national economy are considered a significant number. Specifically, Mr. W references the court's analysis in *Gass v. Kijakazi,* No. 1:19-cv-404-TLS, 2021 WL 5446734, at *8 (N.D. Ind. Nov. 22, 2021). In *Gass*, the ALJ had determined that the claimant was not disabled because he could still perform the jobs of addresser

(29,000 jobs nationally), final assembler (50,000 jobs nationally), and table worker (24,000 jobs nationally). *Id.* After the claimant in *Gass* contended that the addresser and final assembler jobs were obsolete, however, the Court then considered whether the 24,000 table worker jobs alone met the Commissioner's burden at Step Five. As part of this analysis, the court summarized the range of conclusions reached by courts in the Seventh Circuit. *Id.* First, *Gass* referenced courts holding that 14,500 jobs, 20,000 jobs, 27,000 jobs, or even 120,350 jobs available in the national economy was *not* significant. *See id.* (internal citations omitted). On the other hand, *Gass* also discussed courts finding that jobs existing in numbers ranging from 17,700 to 53,200 in the national economy *was* significant. *See id.* (internal citations omitted). After discussing these differing conclusions, the court in *Gass* remanded for further administrative proceedings so that "the ALJ will have an opportunity to reconsider whether a significant number of jobs exist in the national economy for the [claimant]." *Id.* at *9.

Here, based on the parties' arguments and the record before the Court, the Court cannot find that 51,200 jobs are insignificant as a matter of law. Moreover, "the governing standard is not whether a jobs number falls above or below a set numerical value, but whether the substantial evidence supports the VE's testimony that significant jobs exist." *Douglas G. v. Kijakazi*, No. 19 CV 7033, 2021 WL 3849637, at *4 (N.D. Ill. Aug. 27, 2021). Specifically, Mr. W's second argument—that the VE failed to substantiate how many of the 29,000 document preparer jobs could be performed by an individual with Mr. W's limitations—as well Mr. W's arguments of obsolescence concerns with the identified occupations, suggests that other factual disputes exist regarding these

numbers, which the Court cannot resolve through its limited review. *Young*, 362 F.3d at 1001.

Accordingly, as there is no defined threshold regarding what constitutes a significant number of jobs at Step Five, and factual disputes remain regarding the appropriate limitations to be included in Mr. W's RFC and the number of jobs that may be available based upon that RFC, remand for further administrative proceedings is appropriate. On remand, the ALJ can properly reweigh the medical opinion evidence and determine how this opinion affects Mr. W's RFC, and ultimately, the ALJ's step-five finding. This approach is consistent with other courts facing similar Step Five arguments when other factual disputes remain at Step Four and Step Five. *See, e.g., Sally S. v. Berryhill*, No. 2:18-cv-460, 2019 WL 3335033, at *11 (N.D. Ind. July 23, 2019) (finding that 120,350 jobs in the national economy was not a significant number and remanding for further proceedings); *Gass,* 2021 WL 5446734, at *8 (discussed above); *Kordeck v. Colvin*, No. 2:14-cv-431-JEM, 2016 WL 675814, at *9 (N.D. Ind. Feb. 19, 2016) (discussing obsolescence concerns with jobs identified for the claimant as part of its remand for further administrative proceedings). *Compare James A. v. Saul*, 471 F.Supp.3d 856, 860 (N.D. Ind. 2020) ("There is no factual dispute here. The parties are in agreement . . . as to what the record says and on what pieces of the record ALJ relied in making her decision. Ultimately, the Court is tasked with determining the legal question of whether 14,500 jobs in the national economy is significant . . . . The Court concludes, as a matter of law, 14,500 jobs . . . is not a significant number of jobs.") Indeed, it is likely that new VE testimony will solicited as part of an RFC determination that is based on proper

consideration of the medical opinion evidence and that incorporates all of Mr. W's limitations. Accordingly, in acknowledgement of Mr. W's obsolescence concerns, the Court further recommends that on remand, the ALJ also discern whether the jobs identified by the VE still exist in the national economy, and if so, in what numbers. *See Kodeck*, 2016 WL 675814, at *9.

Therefore, as the record before the Court does not rise to a finding that disability is the only conclusion, this Court cannot remand for an immediate award of benefits. Accordingly, remand for further administrative proceedings is the appropriate remedy.

### IV.    CONCLUSION

Based on the foregoing, the Commissioner's Motion for Remand is **GRANTED.** [DE 22]. Accordingly, the decision of the ALJ is **REVERSED** and the instant action **REMANDED** for further administrative proceedings consistent with this opinion.

**SO ORDERED** this 24th day of May 2022.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge