UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRYON K. W., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, <br><br> Defendant. | CASE NO. 3:21-CV-0011-MGG |

**OPINION AND ORDER**

On May 24, 2022, the Court remanded this action for further administrative proceedings. Accordingly, on August 1, 2022, Plaintiff moved for an award of his attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Defendant objected to the amount of fees sought by Plaintiff, causing Plaintiff to file a reply in support of his motion as well as a supplemental motion seeking fees for the time spent on his reply. Both fee motions are now ripe for resolution.

For the reasons discussed below, Plaintiff's initial motion is **GRANTED IN PART** [DE 27], and Plaintiff's supplemental motion is **GRANTED**. [DE 36].

I.      **Relevant Background**

Plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act") and an application for Supplemental Security Income ("SSI") under Title XVI of the Act on December 4, 2018, and February 26, 2019, respectively. After denials at the initial and reconsideration levels of review, Plaintiff

appeared at a hearing before an administrative law judge ("ALJ") on February 26, 2020. On April 17, 2020, the ALJ issued his written decision finding that Plaintiff was not disabled, conducting the requisite five-step sequential analysis for evaluating claims for disability benefits. 20 C.F.R. § 416.920(a)(4).

Plaintiff timely sought judicial review on January 7, 2021, and he filed his opening brief on September 20, 2021. In lieu of a response, the Commissioner filed a Motion for Reversal with Remand for Further Administrative Proceedings on December 1, 2021. Plaintiff, however, opposed remand for further administrative proceedings, instead contending that the record supported reversal with a finding of disability and an immediate award of benefits. The Court found that the record contained factual disputes at Steps Four and Five of the five-step sequential analysis such that remand for further administrative proceedings was appropriate.

Plaintiff then filed his initial motion for his attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") on August 1, 2022. Through this motion, Plaintiff sought an award of $18,188.30 for the 82.3 hours his attorney, Ann Trzynka, spent litigating his case. The Commissioner objected. The Commissioner's objection prompted Plaintiff to file a reply in support of his initial motion as well as a supplemental motion on August 29, 2022. Plaintiff's supplemental motion requested an additional $1,745.90 for the 7.9 hours his attorney spent replying to the Commissioner's objection.

## II.   Analysis

The EAJA allows a prevailing plaintiff to recoup reasonable attorney's fees incurred in litigation against the Commissioner of Social Security "unless the court

finds that the position of the [Commissioner] was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 154 (1990); *Sprinkle v. Colvin*, 777 F.3d 421, 424 (7th Cir. 2015); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004). The purpose of the EAJA is to eliminate the financial disincentive for people to challenge unreasonable government action. *See Sullivan v. Hudson*, 490 U.S. 877, 883–84 (1989). An EAJA fee application must be filed within thirty days of a court's final judgment and must include (1) a showing that the applicant is a "prevailing party"; (2) a showing that the applicant is "eligible to receive an award"; (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed"; and (4) an "alleg[ation] that the position of the [Commissioner] was not substantially justified." 28 U.S.C. § 2412(d)(1)(B); *see also Scarborough v. Principi*, 541 U.S. 401, 405 (2004); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078–79 (7th Cir. 2000).

As to this third requirement, only reasonably billed hours may be included in an award of attorney's fees under the EAJA. *Hensley v. Eckhart*, 461 U.S. 424, 434 (2011). To determine whether requested hours have been reasonably billed, a court considers several factors, including the size and complexity of the case, staffing issues, and the quality of outcome for the party. *Id.* at 434–437. A court should exclude from the "fee calculation hours that were not 'reasonably expended.'" *Id.* at 434 (quoting S. Rep. No. 94-1011, p. 6 (1976)); *accord Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008). The

3

burden remains with Plaintiff to prove that the hours were "reasonably expended." *Hensley*, 461 U.S. at 437. Additionally, "'[h]ours that are not properly billed to one's client are also not properly billed to one's adversary pursuant to statutory authority.'" *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). Accordingly, a party requesting attorney's fees should make a good-faith effort to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Id.* at 437.

### A. Plaintiff's Initial Motion for Attorney's Fees Under the EAJA

The Commissioner does not challenge Plaintiff's status as a prevailing party who is entitled to EAJA fees, nor does the Commissioner contend her position was substantially justified or that an award of fees is unjust. Moreover, the Commissioner does not challenge Plaintiff's counsel's hourly rate of $221.00. However, the Commissioner does challenge the total amount of hours—82.3—claimed by Plaintiff's counsel. The Commissioner contends that the number of hours for which Plaintiff seeks fees is unreasonable for four reasons: (1) the 11.2 hours spent opposing remand for further administrative proceedings were excessive and unnecessary; (2) the 19.4 hours sought for services provided by a second attorney were duplicative; (3) the total number of hours billed was excessive; and (4) fees sought for 24 minutes spent on clerical tasks should not be awarded.

The Court will address each argument in turn.

#### 1. Hours Spent Opposing Remand

First, the Commissioner asserts that the hours Plaintiff spent opposing remand were excessive and unnecessary. To determine whether Plaintiff should receive

attorney's fees for counsel's time spent opposing the Commissioner's voluntary motion to remand, the analysis in *Uphill v. Barnhart* is instructive. 271 F. Supp. 2d 1086, 1091–92 (E.D. Wis. 2003); *see also Fox v. Colvin*, No. 15 C 6416, 2016 WL 5402751, at *2 (N.D. Ill. Sept. 26, 2016). In *Uphill*, the court reviewed case law from multiple districts and explained that a plaintiff should only receive EAJA fees for time spent opposing remand if "plaintiff's expectation of such an award was reasonable." 271 F. Supp. 2d at 1091–92; *see also Wirth v. Barnhart*, 325 F. Supp.2d 911, 917 (E.D. Wisc. 2004). This is because in social security cases, it is "important to encourage counsel to seek a judicial award of benefits if there is a reasonable chance of obtaining it," as claimants can wait months to years before their cases are resolved after remand. *Uphill*, 271 F. Supp. 2d at 1091–92. Accordingly, if the claimant's "counsel has a reasonable chance of obtaining benefits from the court, without another round of administrative proceedings (and the attendant delay), he or she should be encouraged to pursue that remedy." *Id.*; *see also Wirth*, 325 F. Supp. 2d at 917. However, remand for an immediate award of benefits is only appropriate where all factual issues involved in the disability determination have been resolved and the resulting record supports a finding of disability. *Briscoe v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005).

      Plaintiff cites *Wirth* to contend that his expectation of remand for an immediate award of benefits was reasonable in this case. In *Wirth*, the plaintiff had aged from 49 to 51 since the ALJ's finding. Accordingly, the plaintiff fell under a new Grid Rule that directed a finding of "disabled." 325 F. Supp. 2d at 917. The *Wirth* plaintiff therefore argued that the court should award her benefits for the period after she turned 50. *Id.* at

5

918. The court noted that a claimant's age is a fact of which the court may take judicial notice. Further, other courts have entered judicial awards when the plaintiff's entry into a new age bracket rendered them disabled under the Grid. *Id.* at 918. Despite this, the court in *Wirth* concluded that remand was still the proper remedy given significant deficiencies in the record. Nonetheless, the court still awarded fees for the time spent seeking an award of benefits because there was a solid basis in law and fact for such a position based upon the plaintiff's move into a new Grid Rule. It was therefore still reasonable for counsel in *Wirth* to seek an award of benefits for time spent seeking an immediate award of benefits.

      Here, the Court cannot find the same solid basis as *Wirth*. Notably, both parties agreed that the ALJ failed to properly evaluate certain medical opinion evidence favorable to Plaintiff. Plaintiff thus argued that his residual functional capacity ("RFC") would be at least as restrictive as what the ALJ previously determined, supporting a finding of disability. However, the Court could not find that an ALJ's proper consideration and explanation of this medical opinion evidence would result in the same or more restrictive RFC unless the Court reconsidered the medical opinion evidence on its own, which it could not do. Plaintiff also argued that the vocational evidence relied upon by the ALJ failed to show that Plaintiff could perform a significant number of jobs as a matter of law. However, the Court found that these arguments also suggested that factual disputes remained regarding job numbers, another issue the Court could not resolve in its limited review.

Accordingly, the Court found remand was the proper remedy to allow the ALJ to properly reweigh the medical opinion evidence and vocational expert ("VE") testimony. An immediate award of benefits is only appropriate where all factual issues involved in the disability determination have been resolved. *Briscoe,* 425 F.3d at 355. Given the numerous factual disputes recognized by both parties, the Court cannot find that it reasonable for plaintiff to expect an immediate award of benefits in this action. *See Uphill,* 271 F. Supp. 2d at 1091–92. As such, the fees incurred in opposing remand here "resulted in no appreciable advantage to [Plaintiff] because he would have obtained the same result had he accepted the offer rather than opposing it." *McKay v. Barnhart,* 327 F. Supp. 2d 263, 268 (S.D.N.Y. 2004). Consequently, the Court can only find that the 11.2 hours spent opposing the Commissioner's voluntary remand were unnecessary and that Plaintiff has not met his burden to show that these hours were "reasonably expended." *Hensley,* 461 U.S. at 434. The Court therefore reduces the total number of hours to 71.1. Based on Plaintiff's attorney's hourly rate of $221.00, the total amount of fees to be awarded is also accordingly reduced to $15,713.10.

### 2. Use of a Second Attorney

Next, the Commissioner argues that Plaintiff's use of a second attorney, Attorney Hendler, was unnecessary and redundant. As such, the Commissioner contends that the Plaintiff is not entitled to fees for the 19.4 hours billed by Attorney Hendler.

As to the 7.4 hours Attorney Hendler spent reviewing the administrative record, the Commissioner asserts that it is "unreasonable for two attorneys to take the time to become familiar with the same set of facts" citing to *E.H. by Hayes v. Berryhill,* No. 4:16-

7

CV-39-PRC, 2018 WL 549954, at *2 (N.D. Ind. Jan. 25, 2018) in support. In response, Plaintiff explains that a second attorney was necessary in this action to avoid additional delays in briefing. Plaintiff explains that his case already faced significant delay due to the Commissioner's operational changes for filing administrative records at the start of the COVID-19 pandemic. Moreover, once the Commissioner completed these changes, it resulted in the Commissioner suddenly filing numerous administrative record transcripts at the same time, which in turn initiated briefing deadlines in numerous cases within a short timeframe.

      The Court is mindful of the impact that COVID-19 has had on the Social Security Administration's operations, which in turn resulted in numerous converging deadlines for attorneys briefing social security appeals. Accordingly, Attorney Trzynka's decision to contract with another attorney was a matter of necessity to prevent significant delays in briefing, rather than a matter of discretion and convenience. *See Mahara v. Saul*, No. 1:19-CV-187-RLM, 2020 WL 6129209, at *2 (N.D. Ind. Oct. 19, 2020). While Attorney Hendler did spend 7.4 hours reviewing a record with which Attorney Trzynka was already familiar, it was reasonable under the circumstances to enlist the help of a second attorney to meet deadlines. The Court cannot find that the 7.4 hours Attorney Hendler spent reviewing the record were unnecessary such that Plaintiff is not entitled to fees for this time under the EAJA.

      The Commissioner also asserts that Plaintiff's summary of hours "suggests that the two attorneys engaged in overlapping and duplicative work" on the opening brief. [DE 31 at 5]. However, the Commissioner does not clarify which entries overlap.

Moreover, the hours entered by Ms. Hendler demonstrate very detail-oriented research and briefing surrounding medical elements of Plaintiff's case. *See* [DE 27-1 at 3] ("Research and draft argument regarding vestibular dysfunction evaluation" on 9/16/2021; "Research and draft shoulder/carpal tunnel evaluation section" on 9/17/2021; "Research and draft depression/anxiety section" on 9/17/2021). Conversely, Attorney Trzynka's entries demonstrate that she both reviewed Attorney Hendler's work and that she drafted different portions of the brief. *See* [DE 27-1 at 2] ("Opening brief-drafting listing argument and research" on 9/18/2021; "Review draft opening brief. Decision and record review. Prepare notes" on 9/18/2021; "Opening brief-drafting arguments and research regarding substantial number of jobs, RFC, and symptom testimony" on 9/20/2021). Plaintiff has explained that Attorney Hendler is less experienced with Social Security briefs such that Attorney Tryznka's review was necessary. Based on this, the Court cannot find that Attorney Trzynka's time spent reviewing Attorney Hendler's portions of the brief was unnecessary or duplicative. *See Kinsey-McHenry v. Colvin*, No. 2:12-CV-332-PRC, 2014 WL 1643455, at *2 (N.D. Ind. Apr. 23, 2014). ("Review by a senior attorney ensures the quality of the brief is high and that necessary revisions are made before the brief is filed with the Court.").

    The involvement of two attorneys in drafting the opening brief for Plaintiff's case was not unreasonable in this circumstance. Accordingly, Attorney Hendler's 19.4 hours spent working on the opening brief were necessary, and Plaintiff is entitled to an award that includes these hours.

### 3.     Total Number of Hours

Third, the Commissioner argues that the claimed total of 82.3 hours is excessive and unreasonable. Specifically, the Commissioner asserts that 40–60 hours is the preferred range in this District and that 82.3 hours "extends well beyond the heartland fee awarded in this Court without a reasonable basis." [DE 31 at 3]. The Commissioner further argues that Plaintiff's case was routine, and the opening brief presented no novel or unusual argument that would warrant a fee award beyond the average range. Plaintiff first contends that, despite the Commissioner's assertions to the contrary, the record here was "longer than average" at 1,228 pages. *See Martin v. Saul*, No. 1:18-CV-00033-SLC, 2020 WL 5525501, at *6 (N.D. Ind. Sept. 15, 2020). *See also Monk v. Colvin*, No. 2:15-CV-233, 2016 WL 4445659, at *2 (N.D. Ind. Aug. 23, 2016) (describing a record of 400 pages as "not short."). As such, Plaintiff contends that the opening brief did include fact-intensive arguments, including analyses of medical opinion evidence that were persuasive enough for the Commissioner to file a voluntary motion to remand Plaintiff's case.

Plaintiff also contends that although 40–60 hours is the average, this range is not considered a ceiling. *See, e.g., Martin*, 2020 WL 5525501, at *7 (awarding 91.65 hours); *Trewyn v. Saul*, No. 1:19-CV-218-HAB, 2020 WL 7258686, at *4 (N.D. Ind. Dec. 10, 2020). This Court has often allowed EAJA fees to be awarded for more than 60 hours, even where some reductions are necessary. *See, e.g., Martin*, 2020 WL 5525501, at *7 (awarding fees for 91.65 hours where case was less complex, but the record consisted of 1,146 pages); *Bishop v. Berryhill*, No. 1:17-CV-363-PRC, 2018 WL 5129484, at *2–3 (N.D.

10

Ind. Oct. 22, 2018) (awarding 89.85 hours where the case was "highly fact-intensive"). Here, the total number of hours has already been reduced to 71.1. This amount is reasonable considering the size of the record, persuasiveness of Plaintiff's opening brief, and nuances of this case.

### 4. Clerical Tasks

Finally, the Commissioner asserts that the billing record is "*mostly* administrative/clerical entries." [DE 31 at 6]. Yet the Commissioner only specifically disputes the propriety of four "administrative/clerical entries":

"Note summons issued and calendar for service of process" on 1/8/21;

"Review CMECF notice regarding appearance and extension of time" on 3/29/21;

"Review order granting extension to 5/28/21. Calendar deadline" on 3/30/21; and

"Review briefing schedule and confirm deadlines calendared" on 7/9/21.

Plaintiff does not dispute that that these entries are clerical in nature but contends that they were necessitated by the Commissioner's delays in filing the transcript. Specifically, Plaintiff explains that the entries were "necessitated by the Commissioner's delays in filing the transcript which required counsel to evaluate and respond to the requests and track the scheduling to properly manage the case and project the briefing deadlines." [DE 35 at 5]. As stated, the Court is mindful of the impact that COVID-19 has had on the Social Security Administration's operations and acknowledges that delays in filing administrative records has often resulted in extra

11

work for attorneys. Plaintiff also contends that his attorneys only billed for tasks deemed necessary, explaining that on four occasions, Attorney Trzynka entered "n/c [no charge]" at her discretion.

In total, these four entries make up 24 minutes—or 0.49% of the total hours—of Plaintiff's attorneys total billed hours. Without more, the Court cannot find that the record is "*mostly* administrative/clerical entries" when the instant four entries account for only 0.49% of the total hours.

Here, total hours have already been reduced based on the Commissioner's objection to the time spent by Plaintiff opposing remand. The Court cannot find that these four entries are purely administrative or otherwise unnecessary, and accordingly, declines to reduce the number of hours based upon these entries.

### B. Supplemental Motion

Finally, in a supplemental motion [DE 36], Plaintiff asks for an additional $1,745.90 for 7.9 hours spent drafting his reply in support of the instant motion. Although the Commissioner filed a response in opposition to the supplemental motion on September 12, 2022, the substance of the response primarily focuses on the issues raised in the initial motion. Notably, this response only addresses the supplemental motion by noting that courts have held that a reasonable time spent litigating fees is compensable under the EAJA. See *Martin*, 2020 WL 5525501, at *4.

Here, Plaintiff's reply brief was necessary, as it was the only opportunity for Plaintiff to defend against the Commissioner's opposition. The hours spent on that reply brief were reasonable. Accordingly, Plaintiff has shown these supplemental fees

were necessary and reasonable. With no further objection from the Commissioner, Plaintiff's supplemental motion for attorney's fees is granted. Plaintiff is therefore awarded an additional $1,745.90 for 7.9 hours spent drafting the reply brief in support of the initial EAJA motion.

### III.   Conclusion

Based on the foregoing, Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) is **GRANTED IN PART** [DE 27], and Plaintiff's Supplemental Motion is **GRANTED.** [DE 36]. Plaintiff is accordingly awarded $15,713.10 under his initial motion for attorney's fees as well as $1,745.90 under his supplemental motion.

The Commissioner is therefore **ORDERED** to pay an EAJA fee award of **$17,459.00** to Plaintiff in full satisfaction and settlement of all claims for fees, costs, or expenses. Any fees paid belong to Plaintiff and not his attorney and may be offset to satisfy any pre-existing debt that Plaintiff owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). If counsel for the Commissioner can verify that Plaintiff does not owe a pre-existing debt subject to offset, the Commissioner shall DIRECT that the award be made payable to Attorney Trzynka pursuant to the Federal District Court Fee Agreement dated January 5, 2021, between Plaintiff and Attorney Trzynka. [DE 28-3].

**SO ORDERED** this 13th day of February 2023.

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge